■ STEVE ASADORIAN, Appellant, v. NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— Appeal from an order of the Supreme Court, Trial Term, Albany County granting defendant's motion, made at the close of the plaintiff's case, to dismiss the complaint, in a negligence action brought under the Federal

Employers' Liability Act (U. S. Code, tit. 45, § 51 *et seq.*), and from the judgment entered on said order. Plaintiff and one Krunis were employed as baggage and mail truckers by the defendant railroad corporation at its Albany passenger station. In 1955, while working, plaintiff found Mr. Krunis lying unconscious and went to his assistance. As he regained consciousness he attacked plaintiff, inflicting personal injuries for which damages are sought, the principal specification of negligence urged being defendant's employment of Mr. Krunis with alleged knowledge that his physical condition and violent propensities rendered him dangerous to his fellow employees. There was proof that in 1945 a tumor had been removed from Mr. Krunis' brain and that in 1949, after a "blackout" in the course of an epileptic seizure, the defendant caused him to be examined by a neurologist whose examination was "negative for any demonstrable signs of brain damage" and who felt that his epileptic seizures could be controlled by medication but recommended (as did defendant's chief surgeon) that he be no longer employed in or about moving trains. After working for defendant in Schenectady for some time, Mr. Krunis returned to work at the Albany station in 1954 and one of his superiors, recalling that when Mr. Krunis had previously worked in Albany he had been given a job which did not require him to go upon crossings, suggested a further physical examination, which was completed by the same neurologist who had examined him in 1949. This doctor reported Mr. Krunis "in fine physical condition" and his "neurological status * * * negative". He recommended that Mr. Krunis be "Allowed to continue in his present duties." The defendant's chief surgeon concurred. We find in the record no evidence upon which any finding of negligence might be predicated. There is no basis in the evidence for any contention that defendant knew or should have known of any dangerous or violent propensities on the part of Mr. Krunis or that such were inherent, if in fact they were, in any disease or condition from which he suffered. The only warning was against employment in or about moving trains and this, obviously, was to avoid possible bodily injury to Mr. Krunis. Judgment and order affirmed, without costs. Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur.